■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS SHINE, Appellant. [638 NYS2d 437] —Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), rendered January 12, 1994, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree, and, after a jury trial, of criminal possession of stolen property in the fourth degree and unauthorized use of a vehicle in the third degree, and sentencing him, as a second felony offender, to concurrent prison terms of 6 months, 22 to 44 months, and 6 months, respectively, unanimously affirmed.

Evidence that defendant lacked a driver's license was properly admitted as relevant to whether defendant was authorized to use the stolen car in which the police found him, it being highly unlikely that a person unable to produce a license or registration would have authorization to use a car (*see, People v Santarelli*, 49 NY2d 241, 247-248). Nor is there merit to defendant's claim that the court should have charged temporary and lawful possession and justification. Assuming, arguendo, that the far-fetched scenario defendant argues as a reasonable view of the evidence—that he entered the car to keep warm and was attempting, when arrested, to move it to a safer place near the curb—such conduct was neither "temporary and lawful" nor "justified" as an "emergency measure" (Penal Law § 35.05 [2]). Concur—Milonas, J. P., Rosenberger, Rubin, Kupferman and Mazzarelli, JJ.